RECEIPT # 56135
AMOUNT $ 150
SUMMONS ISSUED N/F
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 5-27-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 21  P 1: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM M. BYRD,

        Plaintiff,

v.

AVENTIS PHARMACEUTICALS, INC.
and DEBRA EDMUNDS,

        Defendants.

Civil Action No.

04 11032 DPW

## NOTICE OF REMOVAL

MAGISTRATE JUDGE Collings

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. § 1446 Defendants, Aventis Pharmaceuticals, Inc. (hereinafter, "Aventis") and Debra Edmunds (hereinafter, "Edmunds") (hereinafter, Aventis and Edmunds together, "Defendants"), respectfully submit this Notice of Removal of the instant civil action. As grounds for this removal, Defendants state that:

        1.     An action was commenced against Defendants in the Middlesex County Superior Court of the Commonwealth of Massachusetts, by service of a Complaint styled as Civil Action No. 04-1684. A true and correct copy of the Complaint is annexed hereto as Exhibit "A".

        2.     The above-referenced action was commenced against Edmunds by service of the Complaint on April 28, 2004.

        3.     The above-referenced action was commenced against Aventis by service of the Complaint on May 6, 2004.

4.    No further proceedings have occurred in the state action.  Neither Defendant has served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Suffolk County Superior Court of the Commonwealth of Massachusetts.

## FEDERAL QUESTION REMOVAL

1.    This Court has original jurisdiction under the provisions of 29 U.S.C. 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b), in that Plaintiff here claims damages pursuant to 42 U.S.C. § 2000(e), 42 U.S.C. § 1981 et seq., and/or 29 U.S.C. § 621 et seq. and 42 U.S.C. § 1983. Specifically, in Count II plaintiff alleges that Defendants discriminated against him because of his age and race.  In Count VII plaintiff alleges that Defendants violated his civil rights.

2.    Because the United States District Courts have original jurisdiction over plaintiff's federal statutory claims brought pursuant to 42 U.S.C. § 2000(e), 42 U.S.C. § 1981 et seq., and/or 29 U.S.C. § 621 et seq. and 42 U.S.C. § 1983, removal of this case to this Court under the circumstances herein is proper.

3.    Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

4.     Defendants are filing contemporaneously with this Notice a copy of this Notice with the Clerk of the Middlesex County Superior Court of the Commonwealth of Massachusetts. A copy of that notification is attached hereto as Exhibit "B".

WHEREFORE, Defendants pray that the above-action now pending against it in the Middlesex County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,

AVENTIS PHARMACEUTICALS, INC. and
DEBRA EDMUNDS,

Joan Ackerstein (BBO# 549872)
Samia M. Kirmani (BBO# 634699)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: 5/21/04

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of May , 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John Koslowsky, Esq., 424 Adams Street, Milton, Massachusetts 02186, by first-class mail, postage prepaid.

Jackson Lewis LLP

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                   SUPERIOR COURT
                                                 CIVIL ACTION NO.

| | |
|---|---|
| WILLIAM M. BYRD, | ) |
|  | ) |
|        Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| AVENTIS PHARMACEUTICALS, INC., | ) |
| and DEBRA EDMUNDS, | ) |
|  | ) |
|        Defendants. | ) |
|  | ) |

## COMPLAINT AND JURY DEMAND

### · PARTIES

1.      Plaintiff William M. Byrd (hereinafter "Plaintiff") is a citizen of the United States, and now and during the course of his employment with defendant resides at 38 Meadowview Road, Milton, Massachusetts 02186.

2.      Defendant Aventis Pharmaceuticals, Inc. (hereinafter "Aventis") is a foreign corporation incorporated under the laws of the State of Delaware, licensed to do business in the State of Massachusetts, and is engaged in the production, marketing and/or sale of pharmaceuticals throughout the United States, with a usual place of business located at 3rd Avenue, Waltham, Massachusetts.

3.      Defendant Debra Edmunds (hereinafter "Ms. Edmunds") is an individual residing at 308 Concord Road, Wayland, Massachusetts.

### FACTS

4.      Plaintiff was hired and began working for Aventis on or about May 12, 1997.

5.    At the time of his hiring, Plaintiff had significant experience as a sale representative in the medical industry.

6.    Plaintiff was employed in the sales division of Aventis as a sale representative.

7.    Due to the inherently discriminatory selective enforcement of company policies used and approved of by Aventis, Plaintiff was terminated.

8.    Due to Aventis's wrongful practice of selective enforcement of company policies against minorities, Plaintiff was targeted for termination, while other non-minority employees were being allowed to not comply with those same policies.

9.    Aventis has a history and pattern of discriminating and retaliating against minorities in exactly the same manner as they did against the Plaintiff.

10.    When Aventis decides to terminate a minority employee it utilizes "selective enforcement" of its policies to accomplish this based on three (3) methods: i) falsifications of records; ii) not being a team player; and iii) failure to perform.

11.    Aventis alleges that the Plaintiff was terminated as a result of a purported falsified expense report and call activity and Plaintiff's alleged continuous failure to comply with established company guidelines.

12.    Aventis's stated reasons for termination is a pretext for the real reason that the Plaintiff was terminated.

13.    In 1999, Ms. Edmunds became the Plaintiff's District Manager with Aventis.

14.    Shortly thereafter, Ms. Edmunds went out on maternity leave.

05/10/04   11:57 FAX 9082437599           AVENTIS EMPLOYMENT LAW                    Ø008

15.    After returning from maternity leave, Ms. Edmunds began to degrade Plaintiff and treat Plaintiff differently from the other caucasian employees of Aventis.

16.    Prior to this time, Plaintiff received outstanding reviews for his work with Aventis.

17.    On or about September 18, 2000, Plaintiff received his mid-year performance review from Ms. Edmunds, which was completely inaccurate and negative.

18.    As a result of this Mid-Year review by Ms. Edmunds, and the fact he was being singled out and treated differently than other employees of Aventis, Plaintiff requested a meeting with his Regional Director at Aventis, Christine List (hereinafter "Ms. List").

19.    On September 25, 2000, Plaintiff first met with Ms. List, and subsequently met with Ms. List and Ms. Edmunds.

20.    Plaintiff requested this meeting to express his objection to his Mid-Year review because of the inaccuracies contained therein; to attempt to discover why Ms. Edmunds was apparently targeting him; to inform Ms. List that he was being discriminated against; and to request that he be transferred to another District Manager.

21.    During this meeting, Ms. List acknowledged that she informed Ms. Edmunds that her Mid-Year review was too negative against the Plaintiff.

22.    Although discrimination is a very sensitive issue, particularly for a current employee to raise, Plaintiff informed Ms. List at their meeting that he was being discriminated against.

23.    Plaintiff informed Ms. List that he was being treated differently because of his color; that he was required to do things other people were not; that he was being held to a higher standard; and that he was being criticized for things that other caucasian employees were not.

24.    Plaintiff also asked for a transfer to a new District Manager, which request Ms. List denied.

25.    As African-American, Plaintiff was required to excel above and beyond other caucasian employees at Aventis; otherwise he would be targeted and disciplined.

26.    As a direct result of requesting the meeting and expressing his concerns to Ms. List, on November 14, 2000, Ms. Edmunds provided Plaintiff with a written warning.

27.    Thereafter, Plaintiff was scrutinized even more closely than the other caucasian sale representatives at Aventis, and constantly singled out and disciplined for precisely the same things other caucasian employees were allowed to do.

28.    Although Plaintiff went to great lengths to accommodate the company policies and save his job, Aventis selectively enforced different policies in an attempt to find fault with his performance.

29.    After receiving a final written warning placing him on probation, Aventis stopped paying Plaintiff his bonus/commissions.

30.    Plaintiff asked Ms. Edmunds what he needed to do to get off probation and restore his bonus/commissions, and Ms. Edmunds informed him that he would never get off probation.

4

31.    At the National Sales Meeting of Aventis during the week of January 8, 2002, Plaintiff was one of three sales representatives who received the "Market Share Award on Allegra" from Aventis.

32.    On February 4, 2002, Aventis terminated the Plaintiff as an employee.

33.    Plaintiff believes he was terminated because of his race and/or age.

34.    Plaintiff performed his job functions in a satisfactory manner for Aventis, even receiving achievement awards.

35.    At the time Plaintiff was terminated, of the estimated 350 sale representatives employed by the Aventis in the New England area, there was only one (1) other African-American sale representative, and there were no other African-American sale representatives over the age of 40.

36.    Since Plaintiff was terminated, Aventis has hired other sales representatives under the age of 40.

37.    Plaintiff's record of employment was good and evidences a consistent pattern on behalf of Plaintiff to improve himself and to establish his qualifications for advancement.

38.    Plaintiff's work record clearly indicates he was qualified to serve as a sale representative.

## COUNT I - VIOLATION OF M.G.L. c. 151B
### (Race/Age Discrimination and/or Retaliation)

39.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 38 of his Complaint as if separately set forth herein.

40.    Aventis is an employer within the meaning of M.G.L. c. 151B, §1(5).

41.    Plaintiff is a member of a protected class under M.G.L. c. 151B.

5

42.    Aventis discriminated against Plaintiff based on race and/or age.

43.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

44.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment by Aventis.

45.    Aventis' conduct constitutes a violation of M.G.L. c. 151B.

46.    Aventis' actions and/or inactions were knowing, willful, and intentional violations of the law and committed with reckless disregard for Plaintiff's rights.

47.    As a result of Aventis' conduct, Plaintiff suffered damages including but not limited to, lost employment, lost wages and benefits, emotional distress, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT II - VIOLATION OF 42 USC § 2000e et seq.
### (Race/Age Discrimination and/or Retaliation)

48.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 47 of his Complaint as if separately set forth herein.

49.    Aventis is an employer within the meaning of 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and/or 29 USC §§ 621 et seq.

50.    Plaintiff is a member of a protected class under 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and/or 29 USC §§ 621 et seq.

51.    Aventis discriminated against Plaintiff based on race and/or age.

6

52.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

53.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

54.    Aventis' conduct constitute violations of 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and 29 USC §§ 621 et seq.

55.    Aventis' actions and/or inactions were knowing, willful, and intentional violations of the law and committed with reckless disregard for Plaintiff's rights.

56.    As a result of Aventis' conduct, Plaintiff suffered damages including but not limited to, lost employment, lost wages and benefits, emotional distress, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT III
### (Wrongful Termination)

57.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 56 of his Complaint as if separately set forth herein.

58.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

59.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

7

60.    As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of incapacity, loss of front pay, loss of back pay, loss of employment and/or the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT IV
### (Breach of Contract)

61.    Plaintiff herein repeats and incorporates by reference the allegation contained in Paragraphs 1 through 59 of his Complaint as if separately set forth herein.

62.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

63.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

64.    The conduct of Aventis and its agents, principals, servants, employees and/or representatives was conducted in bad faith.

65.    Aventis has breached its contract with Plaintiff despite Plaintiff having provided consideration and/or having relied to his detriment on Aventis' promises.

8

66.    As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of incapacity, loss of front pay, loss of back pay, loss of employment and/or the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

67.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 66 of the Complaint as if separately set forth herein.

68.    Aventis has breached the implied covenant of good faith and fair dealing, which existed with Plaintiff in connection with the contract of employment.

69.    Plaintiff has suffered and incurred damages as a result of the Aventis' breach of the implied covenant of good faith and fair dealing.

70.    As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

71.    Aventis is liable, both jointly and severally, to Plaintiff for all damages caused by their breach of the implied covenant of good faith and fair dealing, plus interest, and costs.

9

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VI
### (Tortuous Interference With Advantageous and/or Contractual Relations)

72.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 71 of the Complaint as if separately set forth herein.

73.    Ms. Edmunds improperly interfered with Plaintiff's advantageous and/or contractual relations with Aventis.

74.    As a direct and approximate result of the acts and/or omissions of Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Ms. Edmunds, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VII
### (Intentional Interference With Advantageous and/or Contractual Relations)

75.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 74 of the Complaint as if separately set forth herein.

76.    Ms. Edmunds improperly interfered with Plaintiff's advantageous and/or contractual relations with Aventis.

77.    As a direct and approximate result of the acts and/or omissions of Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Ms. Edmunds in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VIII
### (Violation of Massachusetts Civil Rights)

78.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 77 of the Complaint as if separately set forth herein.

79.    Aventis and/or Ms. Edmunds have interfered and/or attempted to interfere with Plaintiff's rights under the laws and/or constitutions of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and/or coercion.

80.    The conduct of Aventis and/or Ms. Edmunds constitutes a violation of Plaintiff's rights under M.G.L. c. 12 §§ 11I.

81.    As a direct and approximate result of the acts and/or omissions of Aventis and/or Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

### COUNT VII
### (Violation of Federal Civil Rights)

82.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 81 of the Complaint as if separately set forth herein.

83.    Aventis and/or Ms. Edmunds have interfered and/or attempted to interfere with Plaintiff's rights under the laws and/or constitutions of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and/or coercion.

84.    The conduct of Aventis and/or Ms. Edmunds constitutes a violation of Plaintiff's rights under 42 USC §§ 1983.

85.    As a direct and approximate result of the acts and/or omissions of Aventis and/or Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

12

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

WILLIAM M. BYRD,

By his attorneys,

Paul K. Flavin
BBO No.  171145
John C. Koslowsky
BBO No.  561616
Flavin & Koslowsky
424 Adams Street
Milton, MA  02186
(617) 698-3000

Dated: February __, 2004
2002-17P

13

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

William M. Byrd

**DEFENDANTS**

Aventis Pharmaceuticals, Inc. and Debra Edmunds

**(b)** County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John Koslowsky
424 Adams Street
Milton, MA  02186

Attorneys (If Known)

Joan Ackerstein and Samia Kirmani
Jackson Lewis LLP
75 Park Plaza, Boston, MA  02116

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Torts: ☐ 362 Personal Injury—Med. Malpractice; ☐ 365 Personal Injury—Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability. LABOR: ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act.

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §§ 2000e et. seq., 42 USC §1981 et. seq., 29 USC §621 et. seq. and 42 USC §1983. Plaintiff alleges racial and age discrimination pursuant to the above statutes.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE    DOCKET NUMBER

DATE    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

1.  Title of case (name of first party on each side only)   **Byrd v. Aventis Pharmaceuticals, Inc., et al.**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| [x] | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

\*Also complete AO 120 or AO 121
for patent, trademark or copyright cases

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]     NO [x]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES [ ]     NO [x]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]     NO [x]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]     NO [x]

7.  Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [x]     NO [ ]

A.  If yes, in which division do <u>all</u> of the non-governmental parties reside?

Eastern Division [x]     Central Division [ ]     Western Division [ ]

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

YES [ ]     NO [x]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Joan Ackerstein and Samia Kirmani, Jackson Lewis LLP

ADDRESS   75 Park Plaza, Boston, MA  02116

TELEPHONE NO.   617-367-0025

(Coversheetlocal.wpd - 10/17/02)