Representing Management Exclusively in Workplace Law and Related Litigation

**jackson lewis**
Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| 75 Park Plaza | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| Boston, Massachusetts 02116 | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| Tel 617 367-0025 | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| Fax 617 367-2155 | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | |

[Stamp: IN CLERK'S OFFICE 2004 MAY 27 P 12:47 U.S. DISTRICT COURT DISTRICT OF MASS.]

May 27, 2004

**Hand Delivery**

Clerk of Court
United States District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Room 2300
Boston, MA 02210

        Re:    Byrd v. Aventis Pharmaceuticals, Inc., et al.
               Civil Action No. 04-11032-DPW

Dear Sir/Madam:

      Enclosed for filing and docketing in the above matter, please find original certified copies of pleadings which were filed with the Middlesex Superior Court. Please date-stamp the enclosed copy of this letter and return it with the awaiting messenger.

      Thank you for your assistance in this matter.

                               Very truly yours,

                               JACKSON LEWIS LLP

                               Samia M. Kirmani

SMK/meg
Enclosures

cc:    John Koslowsky, Esq.

MICV2004-01684

FILED
IN CLERKS OFFICE

2004 MAY 27 P 12: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM M. BYRD

V.

AVENTIS PHARMACEUTICALS, INC, ET AL

*****REMOVED TO US DISTRICT COURT*****

*Commonwealth of Massachusetts*
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV 2004-01684

FILED
IN CLERKS OFFICE

2004 MAY 27  P 12: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

I, Karen O"COnnor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 21st of April in the year of our Lord Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 26th of May in the year of our Lord Two Thousand Four

_Karen A. O'Connor_
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
TRIAL DEPARTMENT

WILLIAM M. BYRD,

    Plaintiff,

v.

AVENTIS PHARMACEUTICALS, INC.
and DEBRA EDMUNDS,

    Defendants.

Civil Action No. 04-1684

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Office of the Clerk – Civil
        40 Thorndike Street
        Cambridge, MA 02141

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Middlesex County Superior Court has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a copy of that Notice of Removal.

Respectfully submitted,

AVENTIS PHARMACEUTICALS, INC. and
DEBRA EDMUNDS,

_____
Joan Ackerstein (BBO# 549872) 348220
Samia M. Kirmani (BBO# 634699)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: 5/21/04

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of May, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John Koslowsky, Esq., 424 Adams Street, Milton, Massachusetts 02186, by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



WILLIAM M. BYRD,

Plaintiff,

v.

AVENTIS PHARMACEUTICALS, INC. and DEBRA EDMUNDS,

Defendants.

Civil Action No.

04 CV 11032 DPW

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. § 1446 Defendants, Aventis Pharmaceuticals, Inc. (hereinafter, "Aventis") and Debra Edmunds (hereinafter, "Edmunds") (hereinafter, Aventis and Edmunds together, "Defendants"), respectfully submit this Notice of Removal of the instant civil action. As grounds for this removal, Defendants state that:

1. An action was commenced against Defendants in the Middlesex County Superior Court of the Commonwealth of Massachusetts, by service of a Complaint styled as Civil Action No. 04-1684. A true and correct copy of the Complaint is annexed hereto as Exhibit "A".

2. The above-referenced action was commenced against Edmunds by service of the Complaint on April 28, 2004.

3. The above-referenced action was commenced against Aventis by service of the Complaint on May 6, 2004.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.

WILLIAM M. BYRD, )
)
Plaintiff )
v. )
)
AVENTIS PHARMACEUTICALS, INC., )
and DEBRA EDMUNDS, )
)
Defendants. )

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff William M. Byrd (hereinafter "Plaintiff") is a citizen of the United States, and now and during the course of his employment with defendant resides at 38 Meadowview Road, Milton, Massachusetts 02186.

2. Defendant Aventis Pharmaceuticals, Inc. (hereinafter "Aventis") is a foreign corporation incorporated under the laws of the State of Delaware, licensed to do business in the State of Massachusetts, and is engaged in the production, marketing and/or sale of pharmaceuticals throughout the United States, with a usual place of business located at 3rd Avenue, Waltham, Massachusetts.

3. Defendant Debra Edmunds (hereinafter "Ms. Edmunds") is an individual residing at 308 Concord Road, Wayland, Massachusetts.

### FACTS

4. Plaintiff was hired and began working for Aventis on or about May 12, 1997.

5. At the time of his hiring, Plaintiff had significant experience as a sale representative in the medical industry.

6. Plaintiff was employed in the sales division of Aventis as a sale representative.

7. Due to the inherently discriminatory selective enforcement of company policies used and approved of by Aventis, Plaintiff was terminated.

8. Due to Aventis's wrongful practice of selective enforcement of company policies against minorities, Plaintiff was targeted for termination, while other non-minority employees were being allowed to not comply with those same policies.

9. Aventis has a history and pattern of discriminating and retaliating against minorities in exactly the same manner as they did against the Plaintiff.

10. When Aventis decides to terminate a minority employee it utilizes "selective enforcement" of its policies to accomplish this based on three (3) methods: i) falsifications of records; ii) not being a team player; and iii) failure to perform.

11. Aventis alleges that the Plaintiff was terminated as a result of a purported falsified expense report and call activity and Plaintiff's alleged continuous failure to comply with established company guidelines.

12. Aventis's stated reasons for termination is a pretext for the real reason that the Plaintiff was terminated.

13. In 1999, Ms. Edmunds became the Plaintiff's District Manager with Aventis.

14. Shortly thereafter, Ms. Edmunds went out on maternity leave.

15. After returning from maternity leave, Ms. Edmunds began to degrade Plaintiff and treat Plaintiff differently from the other caucasian employees of Aventis.

16. Prior to this time, Plaintiff received outstanding reviews for his work with Aventis.

17. On or about September 18, 2000, Plaintiff received his mid-year performance review from Ms. Edmunds, which was completely inaccurate and negative.

18. As a result of this Mid-Year review by Ms. Edmunds, and the fact he was being singled out and treated differently than other employees of Aventis, Plaintiff requested a meeting with his Regional Director at Aventis, Christine List (hereinafter "Ms. List").

19. On September 25, 2000, Plaintiff first met with Ms. List, and subsequently met with Ms. List and Ms. Edmunds.

20. Plaintiff requested this meeting to express his objection to his Mid-Year review because of the inaccuracies contained therein; to attempt to discover why Ms. Edmunds was apparently targeting him; to inform Ms. List that he was being discriminated against; and to request that he be transferred to another District Manager.

21. During this meeting, Ms. List acknowledged that she informed Ms. Edmunds that her Mid-Year review was too negative against the Plaintiff.

22. Although discrimination is a very sensitive issue, particularly for a current employee to raise, Plaintiff informed Ms. List at their meeting that he was being discriminated against.

05/19/04  11:57 FAX 9082437599          AVENTIS EMPLOYMENT LAW                    ☒009

23. Plaintiff informed Ms. List that he was being treated differently because of his color; that he was required to do things other people were not; that he was being held to a higher standard; and that he was being criticized for things that other caucasian employees were not.

24. Plaintiff also asked for a transfer to a new District Manager, which request Ms. List denied.

25. As African-American, Plaintiff was required to excel above and beyond other caucasian employees at Aventis; otherwise he would be targeted and disciplined.

26. As a direct result of requesting the meeting and expressing his concerns to Ms. List, on November 14, 2000, Ms. Edmunds provided Plaintiff with a written warning.

27. Thereafter, Plaintiff was scrutinized even more closely than the other caucasian sale representatives at Aventis, and constantly singled out and disciplined for precisely the same things other caucasian employees were allowed to do.

28. Although Plaintiff went to great lengths to accommodate the company policies and save his job, Aventis selectively enforced different policies in an attempt to find fault with his performance.

29. After receiving a final written warning placing him on probation, Aventis stopped paying Plaintiff his bonus/commissions.

30. Plaintiff asked Ms. Edmunds what he needed to do to get off probation and restore his bonus/commissions, and Ms. Edmunds informed him that he would never get off probation.

31. At the National Sales Meeting of Aventis during the week of January 8, 2002, Plaintiff was one of three sales representatives who received the "Market Share Award on Allegra" from Aventis.

32. On February 4, 2002, Aventis terminated the Plaintiff as an employee.

33. Plaintiff believes he was terminated because of his race and/or age.

34. Plaintiff performed his job functions in a satisfactory manner for Aventis, even receiving achievement awards.

35. At the time Plaintiff was terminated, of the estimated 350 sale representatives employed by the Aventis in the New England area, there was only one (1) other African-American sale representative, and there were no other African-American sale representatives over the age of 40.

36. Since Plaintiff was terminated, Aventis has hired other sales representatives under the age of 40.

37. Plaintiff's record of employment was good and evidences a consistent pattern on behalf of Plaintiff to improve himself and to establish his qualifications for advancement.

38. Plaintiff's work record clearly indicates he was qualified to serve as a sale representative.

### COUNT I - VIOLATION OF M.G.L. c. 151B
(Race/Age Discrimination and/or Retaliation)

39. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 38 of his Complaint as if separately set forth herein.

40. Aventis is an employer within the meaning of M.G.L. c. 151B, §1(5).

41. Plaintiff is a member of a protected class under M.G.L. c. 151B.

5

42. Aventis discriminated against Plaintiff based on race and/or age.

43. By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

44. As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment by Aventis.

45. Aventis' conduct constitutes a violation of M.G.L. c. 151B.

46. Aventis' actions and/or inactions were knowing, willful, and intentional violations of the law and committed with reckless disregard for Plaintiff's rights.

47. As a result of Aventis' conduct, Plaintiff suffered damages including but not limited to, lost employment, lost wages and benefits, emotional distress, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

### COUNT II - VIOLATION OF 42 USC § 2000e et seq.
(Race/Age Discrimination and/or Retaliation)

48. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 47 of his Complaint as if separately set forth herein.

49. Aventis is an employer within the meaning of 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and/or 29 USC §§ 621 et seq.

50. Plaintiff is a member of a protected class under 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and/or 29 USC §§ 621 et seq.

51. Aventis discriminated against Plaintiff based on race and/or age.

52. By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

53. As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

54. Aventis' conduct constitute violations of 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and 29 USC §§ 621 et seq.

55. Aventis' actions and/or inactions were knowing, willful, and intentional violations of the law and committed with reckless disregard for Plaintiff's rights.

56. As a result of Aventis' conduct, Plaintiff suffered damages including but not limited to, lost employment, lost wages and benefits, emotional distress, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

### COUNT III
### (Wrongful Termination)

57. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 56 of his Complaint as if separately set forth herein.

58. By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

59. As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

60. As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of incapacity, loss of front pay, loss of back pay, loss of employment and/or the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT IV
(Breach of Contract)

61. Plaintiff herein repeats and incorporates by reference the allegation contained in Paragraphs 1 through 59 of his Complaint as if separately set forth herein.

62. By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

63. As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

64. The conduct of Aventis and its agents, principals, servants, employees and/or representatives was conducted in bad faith.

65. Aventis has breached its contract with Plaintiff despite Plaintiff having provided consideration and/or having relied to his detriment on Aventis' promises.

66. As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of incapacity, loss of front pay, loss of back pay, loss of employment and/or the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

67. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 66 of the Complaint as if separately set forth herein.

68. Aventis has breached the implied covenant of good faith and fair dealing, which existed with Plaintiff in connection with the contract of employment.

69. Plaintiff has suffered and incurred damages as a result of the Aventis' breach of the implied covenant of good faith and fair dealing.

70. As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

71. Aventis is liable, both jointly and severally, to Plaintiff for all damages caused by their breach of the implied covenant of good faith and fair dealing, plus interest, and costs.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

### COUNT VI
### (Tortuous Interference With Advantageous and/or Contractual Relations)

72. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 71 of the Complaint as if separately set forth herein.

73. Ms. Edmunds improperly interfered with Plaintiff's advantageous and/or contractual relations with Aventis.

74. As a direct and approximate result of the acts and/or omissions of Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Ms. Edmunds, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

### COUNT VII
### (Intentional Interference With Advantageous and/or Contractual Relations)

75. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 74 of the Complaint as if separately set forth herein.

76. Ms. Edmunds improperly interfered with Plaintiff's advantageous and/or contractual relations with Aventis.

77. As a direct and approximate result of the acts and/or omissions of Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Ms. Edmunds in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VIII
### (Violation of Massachusetts Civil Rights)

78. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 77 of the Complaint as if separately set forth herein.

79. Aventis and/or Ms. Edmunds have interfered and/or attempted to interfere with Plaintiff's rights under the laws and/or constitutions of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and/or coercion.

80. The conduct of Aventis and/or Ms. Edmunds constitutes a violation of Plaintiff's rights under M.G.L. c. 12 §§ 11I.

81. As a direct and approximate result of the acts and/or omissions of Aventis and/or Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.