WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

### COUNT VII
### (Violation of Federal Civil Rights)

82.     Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 81 of the Complaint as if separately set forth herein.

83.     Aventis and/or Ms. Edmunds have interfered and/or attempted to interfere with Plaintiff's rights under the laws and/or constitutions of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and/or coercion.

84.     The conduct of Aventis and/or Ms. Edmunds constitutes a violation of Plaintiff's rights under 42 USC §§ 1983.

85.     As a direct and approximate result of the acts and/or omissions of Aventis and/or Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

WILLIAM M. BYRD,

By his attorneys,

Paul K. Flavin
BBO No. 171145
John C. Koslowsky
BBO No. 561616
Flavin & Koslowsky
424 Adams Street
Milton, MA 02186
(617) 698-3000

Dated: February ___, 2004
2002-17P

13



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                   **SUPERIOR COURT**
                                                **TRIAL DEPARTMENT**

WILLIAM M. BYRD,

       Plaintiff,

v.                                              Civil Action No.  04-1684

AVENTIS   PHARMACEUTICALS,   INC.
and DEBRA EDMUNDS,

       Defendants.

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To:    Office of the Clerk – Civil
       40 Thorndike Street
       Cambridge, MA  02141

       PLEASE TAKE NOTICE that a Notice of Removal in the above action from

the Middlesex County Superior Court has been duly filed in the U.S. District Court for the District of

Massachusetts.  Attached hereto is a copy of that Notice of Removal.

       Respectfully submitted,

       AVENTIS PHARMACEUTICALS, INC. and
       DEBRA EDMUNDS,

       Joan Ackerstein (BBO# 549872)
       Samia M. Kirmani (BBO# 634699)
       JACKSON LEWIS LLP
       75 Park Plaza
       Boston, Massachusetts 02116
       (617) 367-0025; FAX: (617) 367-2155

Dated: 5/21/04

## CERTIFICATE OF SERVICE

I hereby certify that, on this _21st_ day of ___May___, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John Koslowsky, Esq., 424 Adams Street, Milton, Massachusetts 02186, by first-class mail, postage prepaid.

Jackson Lewis LLP

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO.

## 04-1684

WILLIAM M. BYRD,           )
)
Plaintiff          )
)
v.                         )
)
AVENTIS PHARMACEUTICALS, INC.,  )
and DEBRA EDMUNDS,         )
)
Defendants.        )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

APR 2 1 2004

_Edward J. Sullivan_
CLERK

## COMPLAINT AND JURY DEMAND

### PARTIES

1.     Plaintiff William M. Byrd (hereinafter "Plaintiff") is a citizen of the
United States, and now and during the course of his employment with defendant resides
at 38 Meadowview Road, Milton, Massachusetts 02186.

2.     Defendant Aventis Pharmaceuticals, Inc. (hereinafter "Aventis") is a
foreign corporation incorporated under the laws of the State of Delaware, licensed to do
business in the State of Massachusetts, and is engaged in the production, marketing
and/or sale of pharmaceuticals throughout the United States, with a usual place of
business located at 3rd Avenue, Waltham, Massachusetts.

3.     Defendant Debra Edmunds (hereinafter "Ms. Edmunds") is an individual
residing at 308 Concord Road, Wayland, Massachusetts.

### FACTS

4.     Plaintiff was hired and began working for Aventis on or about May 12,
1997.

04/20/2004 #0000 6188 CLERK E
CIVIL        240.00
SURCHARGE     15.00
SUMMONS       10.00
SECC          20.00
041684 #
SUBTTL       285.00
TOTAL 285.00
CHECK        285.00

5. At the time of his hiring, Plaintiff had significant experience as a sale representative in the medical industry.

6. Plaintiff was employed in the sales division of Aventis as a sale representative.

7. Due to the inherently discriminatory selective enforcement of company policies used and approved of by Aventis, Plaintiff was terminated.

8. Due to Aventis's wrongful practice of selective enforcement of company policies against minorities, Plaintiff was targeted for termination, while other non-minority employees were being allowed to not comply with those same policies.

9. Aventis has a history and pattern of discriminating and retaliating against minorities in exactly the same manner as they did against the Plaintiff.

10. When Aventis decides to terminate a minority employee it utilizes "selective enforcement" of its policies to accomplish this based on three (3) methods: i) falsifications of records; ii) not being a team player; and iii) failure to perform.

11. Aventis alleges that the Plaintiff was terminated as a result of a purported falsified expense report and call activity and Plaintiff's alleged continuous failure to comply with established company guidelines.

12. Aventis's stated reasons for termination is a pretext for the real reason that the Plaintiff was terminated.

13. In 1999, Ms. Edmunds became the Plaintiff's District Manager with Aventis.

14. Shortly thereafter, Ms. Edmunds went out on maternity leave.

15.    After returning from maternity leave, Ms. Edmunds began to degrade Plaintiff and treat Plaintiff differently from the other caucasian employees of Aventis.

16.    Prior to this time, Plaintiff received outstanding reviews for his work with Aventis.

17.    On or about September 18, 2000, Plaintiff received his mid-year performance review from Ms. Edmunds, which was completely inaccurate and negative.

18.    As a result of this Mid-Year review by Ms. Edmunds, and the fact he was being singled out and treated differently than other employees of Aventis, Plaintiff requested a meeting with his Regional Director at Aventis, Christine List (hereinafter "Ms. List").

19.    On September 25, 2000, Plaintiff first met with Ms. List, and subsequently met with Ms. List and Ms. Edmunds.

20.    Plaintiff requested this meeting to express his objection to his Mid-Year review because of the inaccuracies contained therein; to attempt to discover why Ms. Edmunds was apparently targeting him; to inform Ms. List that he was being discriminated against; and to request that he be transferred to another District Manager.

21.    During this meeting, Ms. List acknowledged that she informed Ms. Edmunds that her Mid-Year review was too negative against the Plaintiff.

22.    Although discrimination is a very sensitive issue, particularly for a current employee to raise, Plaintiff informed Ms. List at their meeting that he was being discriminated against.

23.    Plaintiff informed Ms. List that he was being treated differently because of his color; that he was required to do things other people were not; that he was being held to a higher standard; and that he was being criticized for things that other caucasian employees were not.

24.    Plaintiff also asked for a transfer to a new District Manager, which request Ms. List denied.

25.    As African-American, Plaintiff was required to excel above and beyond other caucasian employees at Aventis; otherwise he would be targeted and disciplined.

26.    As a direct result of requesting the meeting and expressing his concerns to Ms. List, on November 14, 2000, Ms. Edmunds provided Plaintiff with a written warning.

27.    Thereafter, Plaintiff was scrutinized even more closely than the other caucasian sale representatives at Aventis, and constantly singled out and disciplined for precisely the same things other caucasian employees were allowed to do.

28.    Although Plaintiff went to great lengths to accommodate the company policies and save his job, Aventis selectively enforced different policies in an attempt to find fault with his performance.

29.    After receiving a final written warning placing him on probation, Aventis stopped paying Plaintiff his bonus/commissions.

30.    Plaintiff asked Ms. Edmunds what he needed to do to get off probation and restore his bonus/commissions, and Ms. Edmunds informed him that he would never get off probation.

4

31.    At the National Sales Meeting of Aventis during the week of January 8, 2002, Plaintiff was one of three sales representatives who received the "Market Share Award on Allegra" from Aventis.

32.    On February 4, 2002, Aventis terminated the Plaintiff as an employee.

33.    Plaintiff believes he was terminated because of his race and/or age.

34.    Plaintiff performed his job functions in a satisfactory manner for Aventis, even receiving achievement awards.

35.    At the time Plaintiff was terminated, of the estimated 350 sale representatives employed by the Aventis in the New England area, there was only one (1) other African-American sale representative, and there were no other African-American sale representatives over the age of 40.

36.    Since Plaintiff was terminated, Aventis has hired other sales representatives under the age of 40.

37.    Plaintiff's record of employment was good and evidences a consistent pattern on behalf of Plaintiff to improve himself and to establish his qualifications for advancement.

38.    Plaintiff's work record clearly indicates he was qualified to serve as a sale representative.

### COUNT I - VIOLATION OF M.G.L. c. 151B
### (Race/Age Discrimination and/or Retaliation)

39.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 38 of his Complaint as if separately set forth herein.

40.    Aventis is an employer within the meaning of M.G.L. c. 151B, §1(5).

41.    Plaintiff is a member of a protected class under M.G.L. c. 151B.

42.    Aventis discriminated against Plaintiff based on race and/or age.

43.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

44.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment by Aventis.

45.    Aventis' conduct constitutes a violation of M.G.L. c. 151B.

46.    Aventis' actions and/or inactions were knowing, willful, and intentional violations of the law and committed with reckless disregard for Plaintiff's rights.

47.    As a result of Aventis' conduct, Plaintiff suffered damages including but not limited to, lost employment, lost wages and benefits, emotional distress, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT II - VIOLATION OF 42 USC § 2000e et seq.
### (Race/Age Discrimination and/or Retaliation)

48.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 47 of his Complaint as if separately set forth herein.

49.    Aventis is an employer within the meaning of 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and/or 29 USC §§ 621 et seq.

50.    Plaintiff is a member of a protected class under 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and/or 29 USC §§ 621 et seq.

51.    Aventis discriminated against Plaintiff based on race and/or age.

52.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

53.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

54.    Aventis' conduct constitute violations of 42 USC §§ 2000e et seq., 42 USC §§ 1981 et seq., and 29 USC §§ 621 et seq.

55.    Aventis' actions and/or inactions were knowing, willful, and intentional violations of the law and committed with reckless disregard for Plaintiff's rights.

56.    As a result of Aventis' conduct, Plaintiff suffered damages including but not limited to, lost employment, lost wages and benefits, emotional distress, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT III
### (Wrongful Termination)

57.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 56 of his Complaint as if separately set forth herein.

58.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

59.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

7

60.    As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of incapacity, loss of front pay, loss of back pay, loss of employment and/or the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT IV
### (Breach of Contract)

61.    Plaintiff herein repeats and incorporates by reference the allegation contained in Paragraphs 1 through 59 of his Complaint as if separately set forth herein.

62.    By the selective enforcement of its policies against the Plaintiff and other minorities, Aventis has discriminated against the Plaintiff.

63.    As a result of and/or in retaliation for requesting a meeting with Ms. List in an attempt to stop the discrimination, the Plaintiff was further targeted and subsequently discharged from employment from Aventis.

64.    The conduct of Aventis and its agents, principals, servants, employees and/or representatives was conducted in bad faith.

65.    Aventis has breached its contract with Plaintiff despite Plaintiff having provided consideration and/or having relied to his detriment on Aventis' promises.

66. As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of incapacity, loss of front pay, loss of back pay, loss of employment and/or the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

67. Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 66 of the Complaint as if separately set forth herein.

68. Aventis has breached the implied covenant of good faith and fair dealing, which existed with Plaintiff in connection with the contract of employment.

69. Plaintiff has suffered and incurred damages as a result of the Aventis' breach of the implied covenant of good faith and fair dealing.

70. As a direct and approximate result of the acts and/or omissions of Aventis, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

71. Aventis is liable, both jointly and severally, to Plaintiff for all damages caused by their breach of the implied covenant of good faith and fair dealing, plus interest, and costs.

WHEREFORE, Plaintiff demands judgment against Aventis in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VI
### (Tortuous Interference With Advantageous and/or Contractual Relations)

72.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 71 of the Complaint as if separately set forth herein.

73.    Ms. Edmunds improperly interfered with Plaintiff's advantageous and/or contractual relations with Aventis.

74.    As a direct and approximate result of the acts and/or omissions of Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Ms. Edmunds, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VII
### (Intentional Interference With Advantageous and/or Contractual Relations)

75.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 74 of the Complaint as if separately set forth herein.

76.    Ms. Edmunds improperly interfered with Plaintiff's advantageous and/or contractual relations with Aventis.

10

77.    As a direct and approximate result of the acts and/or omissions of Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against Ms. Edmunds in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VIII
### (Violation of Massachusetts Civil Rights)

78.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 77 of the Complaint as if separately set forth herein.

79.    Aventis and/or Ms. Edmunds have interfered and/or attempted to interfere with Plaintiff's rights under the laws and/or constitutions of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and/or coercion.

80.    The conduct of Aventis and/or Ms. Edmunds constitutes a violation of Plaintiff's rights under M.G.L. c. 12 §§ 11I.

81.    As a direct and approximate result of the acts and/or omissions of Aventis and/or Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

11

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## COUNT VII
### (Violation of Federal Civil Rights)

82.    Plaintiff herein repeats and incorporates by reference the allegations contained in Paragraphs 1 through 81 of the Complaint as if separately set forth herein.

83.    Aventis and/or Ms. Edmunds have interfered and/or attempted to interfere with Plaintiff's rights under the laws and/or constitutions of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and/or coercion.

84.    The conduct of Aventis and/or Ms. Edmunds constitutes a violation of Plaintiff's rights under 42 USC §§ 1983.

85.    As a direct and approximate result of the acts and/or omissions of Aventis and/or Ms. Edmunds, the Plaintiff suffered a diminution of earning capacity, loss of front pay, loss of back pay, loss of employment, loss of the opportunity for employment benefits, severe emotional distress, post traumatic distress, pain, suffering and other emotional and economic injuries and damages.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage, and any other relief this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

WILLIAM M. BYRD,

By his attorneys,

Paul K. Flavin
BBO No. 171145
John C. Koslowsky
BBO No. 561616
Flavin & Koslowsky
424 Adams Street
Milton, MA 02186
(617) 698-3000

Dated: February __, 2004
2002-17P

13

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1684 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) William M. Byrd | DEFENDANT(S) Aventis Pharmaceuticals, Inc., et al |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617)698-3000 John C. Koslowsky, Flavin & Koslowsky 424 Adams Street, Milton, MA 02186 Board of Bar Overseers number: 561616 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.      TYPE OF ACTION (specify)      TRACK      IS THIS A JURY CASE?

822      Employment disrimination      (F)      (X) Yes      ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Subtotal $ . . . . . . . . . . .

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
MIDDLESEX
APR 21 2004
CLERK.

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $ . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Other documented items of damages (describe)      $ . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . . . . . . . .
TOTAL $ . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff was discriminated by defendant, and wrongfully terminated.
At the time of his termination, plaintiff was earning in excess
of $80,000.00 per year.

TOTAL $. 160,000 . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____      DATE: 4/15/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2004-01684
### Byrd v Aventis Pharmaceuticals, Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/21/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/24/2004 | **Session** | F - Cv F (10A Cambridge) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 07/20/2004 | **Answer** | 09/18/2004 | **Rule12/19/20** | 09/18/2004 |
| **Rule 15** | 09/18/2004 | **Discovery** | 02/15/2005 | **Rule 56** | 03/17/2005 |
| **Final PTC** | 04/16/2005 | **Disposition** | 06/15/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
William M. Byrd
38 Meadowview Road
Milton, MA 02186
Active 04/21/2004

**Private Counsel 561616**
John C Koslowsky
Favin & Koslowsky
424 Adams Street
Milton, MA 02186
Phone: 617-698-3000
Fax: 617-698-3001
Active 04/21/2004 Notify

**Defendant**
Aventis Pharmaceuticals, Inc
3rd Avenue
Waltham, MA 02452
Served: 05/06/2004
Served (answr pending) 05/06/2004

**Private Counsel 348220**
Joan Ackerstein
Jackson Lewis LLP
75 Park Plaza
4th Floor
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/24/2004 Notify

**Private Counsel 634699**
Samia M Kirmani
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/24/2004 Notify

**Defendant**
Debra Edmunds
308 Concord Road
Wayland, MA 01778
Served: 04/30/2004
Served (answr pending) 05/11/2004

**Private Counsel 348220**
Joan Ackerstein
Jackson Lewis LLP
75 Park Plaza
4th Floor
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/24/2004 Notify

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-01684
### Byrd v Aventis Pharmaceuticals, Inc et al

| | |
|---|---|
| | **Private Counsel 634699**<br>Samia M Kirmani<br>Jackson Lewis LLP<br>75 Park Plaza<br>Boston, MA 02116<br>Phone: 617-367-0025<br>Fax: 617-367-2155<br>Active 05/24/2004 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 04/21/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 04/21/2004 | | Origin 1, Type B22, Track F. |
| 05/11/2004 | 2.0 | SERVICE RETURNED: Debra Edmunds(Defendant)  4/30/04  L&U  308 Concord Rd. Wayland, Ma. 01779 |
| 05/21/2004 | 3.0 | SERVICE RETURNED:  Aventis Pharmaceuticals, Inc.(Defendant)  05/06/04 in hd, c/o Corporation Service Company, 84 State St., Boston, MA |
| 05/24/2004 | 4.0 | Case REMOVED this date to US District Court of Massachusetts  by defts Aventis Pharmaceuticals, Inc and Debra Edmunds |
| 05/24/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

case01 193992 y y y y n n

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ............ , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1684

William M. Byrd ............ , Plaintiff(s)

v.

Aventis Pharmaceuticals, ... , Defendant(s)
Inc. and Debra Edmunds



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 21 2004
Edward J. Sullivan
CLERK

## SUMMONS

To the above-named Defendant: **Aventis Pharmaceuticals, In.c**

You are hereby summoned and required to serve upon **John Koslowsky, Esquire** ............

.................................... plaintiff's attorney, whose address is **424 Adams Street**

**Milton, MA 02186** ........................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ............ **Cambridge** ............

.................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ............ **Cambridge** ............

the .......... **21st** .................................... day of .... **April** ............

...................., in the year of our Lord ... **Two Thousand and Four**

Edward J. Sullivan
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## FLAVIN & KOSLOWSKY
424 ADAMS STREET
MILTON, MASSACHUSETTS 02186

TELEPHONE (617) 698-3000
TELECOPIER (617) 698-3001

PAUL K. FLAVIN
JOHN C. KOSLOWSKY

BARBARA A. BELL

May 20, 2004

E-MAIL:
pflavin@fandklaw.com
jkoslowsky@fandklaw.com
bhaas@fandklaw.com

Middlesex Superior Court
Civil Clerk's Office
40 Thorndike Street
Cambridge, MA  02141

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 2 1 2004

_____ CLERK

RE:    William Byrd v. Aventis Pharmaceuticals, Inc.
       Middlesex Superior Court, C.A. No. 04-1684

Dear Sir/Madam:

In connection with the above-referenced matter, enclosed please find a Summons along with the Return of Service for Aventis Pharmaceuticals, Inc.  Kindly docket and file in your usual manner.

If you have any questions, please contact me.  Thank you for your anticipated cooperation.

Very truly yours,

John C. Koslowsky

JCK/kmd
Enclosure
cc:    William Byrd
2002-17C