UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. BYRD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS, INC. and DEBRA EDMUNDS,<br><br>　　　　　Defendants. | Civil Action No. 04-11032-DPW |

**PLAINTIFF WILLIAM M. BYRD'S AMENDED
<u>INITIAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)</u>**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiff William M. Byrd ("Plaintiff") respectfully submits an amended initial disclosure statement. In accordance with Rule 26(a)(1), plaintiff hereby makes his initial disclosures based upon information reasonably available to him at this time.

   A.   <u>Rule 26(a)(1)(A)</u>
   **[T]he name and, if known the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

   1.   William M. Byrd
        38 Meadowview Road
        Milton, MA  02186
        (Plaintiff)

Plaintiff has knowledge of his performance, the disparity of treatment provided to him, the selective enforcement of Aventis' policies and procedures, instances where he was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

  2.  Deborah Edmunds
     308 Concord Road
     Wayland, MA
     (Defendant)

  3.  Christine List (Regional Director)
     Aventis Pharmaceuticals, Inc.
     3rd Avenue
     Waltham, MA

  4.  David Thurell (co-worker)
     Aventis Pharmaceuticals, Inc.
     3rd Avenue
     Waltham, MA

  Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

  5.  Sheila Dean
     49 Fort Avenue
     Boston, MA  02119

  Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, other employees failures to comply with Aventis' policies and procedure, and Aventis' prior acts and pattern of discrimination.

  6.  Donna Glade
     137 Duncaster Road
     Bloomfield, CT 06002

  Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, other employees failures to comply with Aventis' policies and procedure, and Aventis' prior acts and pattern of discrimination.

  7.  Mishela Deboer
     7614 West Germine
     Wichita, KS  67212

  Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, other employees failures to comply with Aventis' policies and procedure, and Aventis' prior acts and pattern of discrimination.

      8.      Yvette Daniels
             14601 Bellaire Blvd, # 283
             Houston, TX  77083

Plaintiff believes this witness has knowledge of the selective enforcement of Aventis' policies and procedures, other employees' failures to comply with Aventis' policies and procedure, and Aventis' prior acts and pattern of discrimination.

      9.      Gerrod Graham (co-worker)
             Aventis Pharmaceuticals, Inc.
             3rd Avenue
             Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      10.     Ernie Simone (co-worker)
             Aventis Pharmaceuticals, Inc.
             3rd Avenue
             Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      11.     David Prattstein (co-worker)
             Aventis Pharmaceuticals, Inc.
             3rd Avenue
             Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      12.     Bob Santoni (co-worker)
             Aventis Pharmaceuticals, Inc.
             3rd Avenue
             Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures,

instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      13.    Brenda Kurvinicki (co-worker)
              Aventis Pharmaceuticals, Inc.
              3rd Avenue
              Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      14.    Kelly Shea (co-worker)
              Aventis Pharmaceuticals, Inc.
              3rd Avenue
              Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      15.    Sean Flanders (co-worker)
              Aventis Pharmaceuticals, Inc.
              3rd Avenue
              Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      16.    Jen Riley (co-worker)
              Aventis Pharmaceuticals, Inc.
              3rd Avenue
              Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      17.      Annette Bohan (co-worker)
                  Aventis Pharmaceuticals, Inc.
                  3rd Avenue
                  Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

      18.      Carolyn Paulin (co-worker)
                  Aventis Pharmaceuticals, Inc.
                  3rd Avenue
                  Waltham, MA

Plaintiff believes this witness has knowledge of the Plaintiff's performance, the disparity of treatment provided to Plaintiff, the selective enforcement of Aventis' policies and procedures, instances where Plaintiff was treated differently from other employees, and other employees failures to comply with Aventis' policies and procedure.

Further discovery and developments in this case my dictate the need to identify additional individuals likely to possess discoverable information that the plaintiff may use to support its claims or defenses.

    **B.**    <u>**Rule 26(a)(1)(B)**</u>
**[A] copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the party may use to support its claims or defenses, unless solely for impeachment.**

The plaintiff identifies the following as documents that he may use to support his claims or defenses in this case:

    1.    Employment Records of William M. Byrd in the possession of Aventis Pharmaceuticals, Inc. ("Aventis");

    2.    W-2 Forms in possession of Plaintiff and Aventis;

    3.    Employment Records of David Thurell in the possession of Aventis;

    4.    Employment Records of Sheila Dean in the possession of Aventis;

5. Employment Records of Donna Glade in the possession of Aventis;

6. Employment Records of Paul Brody in the possession of Aventis;

7. Employment Records of Gerrod Graham in the possession of Aventis;

8. Employment Records of Ernie Simone in the possession of Aventis;

9. Employment Records of David Prattstein in the possession of Aventis;

10. Employment Records of Bob Santoni in the possession of Aventis;

11. Employment Records of Brenda Kurvinicki in the possession of Aventis;

12. Employment Records of Kelly Shea in the possession of Aventis;

13. Employment Records of Jen Riley in the possession of Aventis;

14. Employment Records of Annette Bohan in the possession of Aventis; and

15. Employment Records of Carolyn Paulin in the possession of Aventis.

Further discovery and developments in this case may dictate the need to identify additional relevant documents and/or tangible objects that plaintiff may use to support his claims or defenses.

**C.  Rule 26(a)(1)(C)**
**[A] computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff is entitled to his damages from his lost employment, including lost wages, commissions/bonuses, benefits, seniority and emotional distress, as well as multiple damages, punitive damages, attorney's fees and costs.

With regard to lost wages, Aventis employed Plaintiff for five (5) years. Plaintiff earned $81,209.00 in 1999, $86,078.00 in 2000, and $79,109.00 in 2001. Plaintiff's income in 2001 was drastically affected because Deborah Edmunds put him on probation on September 5, 2001 and, thereafter, Aventis stopped paying Plaintiff the commissions/bonuses he earned. Based on five (5) years of employment and a probable income of $90,000.00 in 2001 had he been paid his commissions/bonuses, Plaintiff's lost wages are approximately $90,000.00 per year, less any income he has earned since his termination. In 2003, Plaintiff earned $17,176.73 as a driver for First American Limousine.

As of September 24, 2004, Plaintiff estimates that his lost wages are in excess of $300,000.00.

1.  Plaintiff's Tax returns will evidence this information.

Further discovery and development of damages in this case may dictate the need to identify additional information and relevant documents on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**D.  Rule 26(a)(1)(C)**
**[F]or inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Respectfully submitted,

WILLIAM M. BYRD,

By his attorneys,

   /s/ John C. Koslowsky
Paul K. Flavin
BBO No. 171145
John C. Koslowsky
BBO No. 561616
Flavin & Koslowsky
424 Adams Street
Milton, MA  02186
(617) 698-3000
(617) 698-3001 FAX

Dated: September 24, 2004
2002-17P

## CERTIFICATE OF SERVICE

I, John C. Koslowsky, Esquire, hereby certify that on September 24, 2004, I have caused to be served by first class mail, postage prepaid, the foregoing upon: Joan Ackerstein, Esquire, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

   /s/ John C. Koslowsky
John C. Koslowsky

2002-17P