UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. BYRD,<br><br>       Plaintiff,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS, INC. and DEBRA EDMUNDS,<br><br>       Defendants. | Civil Action No. 04-11032-DPW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWERS TO COMPLAINT**

Defendants, Aventis Pharmaceuticals, Inc. ("Aventis") and Deborah Edmunds ("Edmunds") (Aventis and Edmunds together, "Defendants"), have moved pursuant to Fed. R. Civ. P. 15(a) for leave to amend their Answers to Plaintiff's Complaint and Jury Demand to assert two additional affirmative defenses: (1) that Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine; and (2) that Plaintiff's claims are barred, in whole or in part, by his failure to file a timely charge. This memorandum is submitted in support of that motion.

**Procedural Background**

On August 2, 2002, Plaintiff William Byrd, a former Aventis employee terminated because of his significant, sustained performance issues and after Aventis learned that Plaintiff had not been truthful with respect to reporting call activity and that Plaintiff falsified an expense report, filed a charge with the Massachusetts Commission Against Discrimination ("MCAD"), claiming that Aventis terminated him on February 4, 2002 because of his age and race.

On April 15, 2004, Plaintiff filed a nine-count Complaint in Massachusetts Superior Court, which Defendants removed to this Court. Plaintiff's claims include violations of violation of 42 U.S.C. § 2000e, Mass. Gen. L. c. 151B, wrongful termination, breach of contract and the implied covenant of good faith and fair dealing, tortious interference with advantageous and/or contractual relations, intentional interference with advantageous and/or contractual relations, violation of the Massachusetts Civil Rights Act, and violation of the Federal Civil Rights Act.

To date, the Parties have exchanged and responded to written discovery requests. In addition, Plaintiff has deposed Ms. Edmunds and Mailet Minassian, a Human Resources professional from Aventis, and Defendants have obtained records by subpoena. Defendants deposed Plaintiff on October 18, 2004. Discovery is not scheduled to close until November 30, 2004.

## Warnings Related To Plaintiff's Performance Issues

Plaintiff commenced employment with Hoechst Marion Roussel ("HMR"), Aventis' predecessor, on May 12, 1997 as a sales representative. In the years leading up to Plaintiff's termination from Aventis in February 2002, Plaintiff had numerous performance issues. On September 18, 2000, Plaintiff received a mid-year performance assessment that addressed some of his performance problems. Plaintiff took issue with this review and discussed it with his supervisor's manager, the Regional Sales Director, Christine List, and with his immediate supervisor, Ms. Edmunds. On November 14, 2000, Plaintiff received a written warning letter regarding his failure to meet the performance expectations previously discussed with him. In September 2001, Plaintiff received a final written warning regarding his performance. Defendants took Plaintiff's deposition on October 18, 2004. As a result of that deposition, it appears that Plaintiff's charge of discrimination was not timely.

## Timeliness Of Plaintiff's Charge

During his deposition, Plaintiff testified that in September 2000, at the time he received the mid-year performance evaluation with which he took issue, he formed the opinion that he had been discriminated against due to his age and race. (Ackerstein Aff., ¶ 4)  He also testified that by the time he received a final written warning in September 2001, he had concluded that the November 2000 written warning he received was in retaliation for his having raised concerns in September 2000.  (Id. at ¶ 5)  Despite his purported knowledge of the alleged race and age discrimination as early as September 2000, Plaintiff did not file his charge of discrimination with the MCAD until nearly two years later --August 2, 2002.

## Plaintiff's Lack Of Candor

Further, as a result of discovery, Defendants have reason to believe Plaintiff was not truthful about his employment background and perhaps other aspects of the employment relationship.  For example, on or about August 26, 2004, Plaintiff submitted responses to Defendants' interrogatories.  In response to interrogatory number 4, Plaintiff stated that one of the companies with whom he worked prior to his employment at Aventis was a company called Dictaphone Corporation ("Dictaphone").  He further stated that his employment with Dictaphone "ended when the company went out of business." (Affidavit of Joan Ackerstein ("Ackerstein Aff."), ¶ 6, exh. A)

On October 13, 2004, in response to a subpoena served by Defendants, Defendants received records from Dictaphone regarding Plaintiff's employment with Dictaphone.  The records received from Dictaphone, including Dictaphone termination forms, suggest that Dictaphone's decision to terminate Plaintiff was "preapproved by Human Resources," that

Plaintiff was involuntarily terminated from Dictaphone and that Dictaphone is still in business. (Id. at ¶ 7, exh. C)

On or about September 23, 2004, Plaintiff produced documents responsive to Defendants' requests for production of documents. (Id. at ¶ 9, exh. C) With such documents Plaintiff produced a resume for himself that states that he received a Bachelor of Science from New Mexico State University. (Id.) At Plaintiff's October 18 deposition, Plaintiff admitted that he never, in fact, graduated, or received a degree, from New Mexico State University. (Id. at ¶ 11)

After Plaintiff's deposition, having learned that (a) Plaintiff knew as early as September 2000 and September 2001 of the alleged discrimination of which he now complains; (b) Plaintiff may have been less than truthful regarding his former employment with Dictaphone; and (c) Plaintiff may have been less than truthful regarding his educational background, Defendants conferred with Plaintiff about a motion to amend Defendants' respective answers to set forth the affirmative defenses of after-acquired evidence and failure to file a timely charge of discrimination. Plaintiff was not prepared at that time to agree to the motion. (Id. at ¶ 12)

### Argument

### Aventis's Motion For Leave To Amend Its Answer Should Be Allowed

Federal Rule of Civil Procedure 15(a) states that "leave [to amend a pleading] shall be freely given when justice so requires." Accordingly, the First Circuit and U.S. District Court of Massachusetts routinely allow amendments to pleadings. See Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000) (plaintiff permitted to amend his complaint because there was no adequate reason for the denial); Albertini v. Summit Technical Services, Inc., 2003 U.S. Dist. LEXIS 18794, p. 5 (D. Mass., October 16, 2003) (court allowed defendant's motion to amend its answer to add two affirmative defenses on the eve of trial). Other jurisdictions likewise routinely allow

amendments. See Jackson v. Rockford Housing Authority, 213 F.3d 389, 392-93 (7th Cir. 2000) (motion to amend allowed after summary judgment motion filed).

### Failure To File A Timely Charge Of Discrimination

In order to bring a claim in 2000 pursuant to G.L. c. 151B, a plaintiff must have filed a charge with the Massachusetts Commission Against Discrimination ("MCAD") within six months[1] of the alleged discriminatory act. G.L. c. 151B, § 5. The time period begins to run from when the plaintiff is on notice of his claim. E.g., Williams v. Raytheon Co., 220 F.3d 16, 21 (1st Cir. 2000). Here, at Plaintiff's deposition, Defendants learned that Plaintiff knew he was being discriminated against on the basis of his age and race as early as September 2000 and that he knew he was being retaliated against as early as September 2001. He did not, however, file a charge with the MCAD until August 2, 2002 – more than six months (and even more than 300 days) after he learned of the alleged discrimination. As a result, Defendants' motion to amend to add the defense of failure to file a timely charge should be allowed.

### The After Acquired Evidence Doctrine

The after-acquired evidence doctrine has been recognized as an important defense in the employment context. As stated by the Supreme Court in McKennon v. Nashville Banner Publishing Company, 513 U.S. 352, 362 (1995), "once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit." The Massachusetts Appeals Court has also recognized the after-acquired evidence doctrine. See Prozinski v. Northeast Real Estate Services, LLC, 59 Mass. App. Ct. 599, 611 (2003), *citing* Markovits v. Venture Info Capital, Inc., 129 F. Supp.2d 647, 653 (S.D.N.Y. 2001) (the "after-

---

[1] Effective November 5, 2002, the time for filing a charge was extended to 300 days. G.L. c. 151B, § 5.

acquired evidence doctrine, when applied in Massachusetts courts is generally employed to justify wrongful terminations through evidence that the employee engaged in conduct that, although not known by the employer before termination, would have led to termination if known").

Here, Aventis' motion to amend to add the after-acquired evidence defense should be allowed. In Plaintiff's responses to Interrogatories, Plaintiff stated that his employment with Dictaphone "<u>ended</u> when the company went out of business." During his deposition, he testified that he resigned from Dictaphone because it was going out of business. Based on the documentation received from Dictaphone, however, Defendants believe that Plaintiff was not truthful regarding his prior employment record. Defendants also believe that additional evidence obtained during discovery will demonstrate that Plaintiff was not candid with Aventis about expenses submitted for reimbursement and perhaps other aspects of the employment relationship.

Accordingly, in light of Plaintiff's October 18 deposition testimony, answers to interrogatories, and other evidence adduced and to be adduced, Defendants' motion to assert the after-acquired evidence affirmative defense should be allowed.

<u>No Prejudice Will Result</u>

Finally, Plaintiff cannot claim that he would be prejudiced by the allowance of Aventis' motion to amend. Discovery in this matter does not close until November 30, 2004, allowing Plaintiff sufficient time to engage in discovery. Furthermore, application of the affirmative defenses is principally a legal issue that does not require further discovery on Plaintiff's part.

**<u>Conclusion</u>**

For all of the foregoing reasons, Defendants request that the Court allow their motion for leave to amend their respective answers to Plaintiff's Complaint and Jury Demand to assert an affirmative defense that Plaintiff's claims are barred, in whole or in part, by the after-acquired

evidence doctrine and an affirmative defense that Plaintiff's claims are barred, in whole or in part, by his failure to file a timely charge. .

        Respectfully submitted,

        AVENTIS PHARMACEUTICALS, INC.
        and
        DEBRA EDMUNDS,


        /s/ Joan Ackerstein
        Joan Ackerstein (BBO# 549872)
        Samia M. Kirmani (BBO# 634699)
        JACKSON LEWIS LLP
        75 Park Plaza
        Boston, Massachusetts 02116
        (617) 367-0025; FAX: (617) 367-2155


## CERTIFICATE OF SERVICE

      I hereby certify that, on this 1st day of November, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John Koslowsky, Esq., 424 Adams Street, Milton, Massachusetts 02186, by first-class mail, postage prepaid.

        /s/ Joan Ackerstein
        Jackson Lewis LLP