# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILLIAM M. BYRD,

        Plaintiff,

v.

AVENTIS PHARMACEUTICALS, INC. and
DEBRA EDMUNDS,

        Defendants.

Civil Action No. 04-11032-DPW

## FIRST AMENDED ANSWER OF DEFENDANT AVENTIS PHARMACEUTICALS, INC. TO PLAINTIFF'S COMPLAINT

### PARTIES

Defendant, Aventis Pharmaceuticals, Inc. ("Aventis"), hereby responds to Plaintiff's Complaint as follows:

1. Aventis denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Aventis admits the allegations in paragraph 2 of the Complaint.

3. Aventis denies the allegations in paragraph 3, except admits that Defendant Deborah Edmunds ("Ms. Edmunds") is an individual residing at 308 Concord Road, Wayland, Massachusetts. Further responding, Aventis states that Plaintiff misspelled Ms. Edmunds' first name in the caption and in paragraph 3 of the Complaint.

### FACTS

4. Aventis denies the allegations in paragraph 4 of the Complaint, except admits that Plaintiff began working for Aventis on or about May 12, 1997.

5.       Aventis denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.       Aventis denies the allegations in paragraph 6 of the Complaint, except admits that it employed Plaintiff as a sales representative.

7.       Aventis denies the allegations in paragraph 7 of the Complaint, except admits that Aventis terminated Plaintiff's employment.

8.       Aventis denies the allegations in paragraph 8 of the Complaint.

9.       Aventis denies the allegations in paragraph 9 of the Complaint.

10.      Aventis denies the allegations in paragraph 10 of the Complaint.

11.      Aventis denies the allegations in paragraph 11 of the Complaint, except admits that Aventis terminated Plaintiff's employment for several reasons, among which were Plaintiff's falsification of expense report and call activity and Plaintiff's continuous failure to comply with company guidelines.

12.      Aventis denies the allegations in paragraph 12 of the Complaint.

13.      Aventis admits the allegations in paragraph 13 of the Complaint.

14.      Aventis admits the allegations in paragraph 14 of the Complaint.

15.      Aventis denies the allegations in paragraph 15 of the Complaint.

16.      Aventis denies the allegations in paragraph 16 of the Complaint.

17.      Aventis denies the allegations in paragraph 17 of the Complaint, except admits that Plaintiff received a Field Sales Representative Mid-Year Performance Plan Assessment from Ms. Edmunds on or about September 18, 2000.

18.     Aventis denies the allegations in paragraph 18 of the Complaint, except admits that Plaintiff did request a meeting with Ms. List.  Further responding, Aventis states that this meeting occurred on or about September 25, 2000.

19.     Aventis admits the allegations in paragraph 19 of the Complaint.

20.     Aventis denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Aventis denies the allegations in paragraph 21 of the Complaint.

22.     Aventis denies the allegations in paragraph 22 of the Complaint.

23.     Aventis denies the allegations in paragraph 23 of the Complaint.  Further responding, Aventis states that Plaintiff expressed a number of concerns during the September 25, 2000 meeting with Ms. List and Ms. Edmunds, which included, without limitation, that he felt that he was criticized for things that others are not and implied that he felt that it was because of his race.

24.     Aventis admits the allegations in paragraph 24 of the Complaint.

25.     Aventis denies the allegations in paragraph 25 of the Complaint.

26.     Aventis denies the allegations in paragraph 26 of the Complaint, except admits that on or about November 14, 2000, Ms. Edmunds provided Plaintiff with a written warning.

27.     Aventis denies the allegations in paragraph 27 of the Complaint.

28.     Aventis denies the allegations in paragraph 28 of the Complaint.

29.     Aventis denies the allegations in paragraph 29 of the Complaint, except admits that Plaintiff received a final written warning on or about September 5, 2001 and as a result Plaintiff was not eligible for third and fourth quarter bonus payments.

30.    Aventis denies the allegations in paragraph 30 of the Complaint, except admits that Plaintiff did ask what he would have to do to receive his bonus and that Edmunds replied that he should address the performance concerns set forth in his written warning.

31.    Aventis admits the allegations in paragraph 31 of the Complaint.  Further responding, Aventis states that all members of the team responsible for selling Allegra received the award and receipt of the award does not necessarily mean that Plaintiff's performance earned the team the award.

32.    Aventis admits the allegations in paragraph 32 of the Complaint.

33.    Aventis denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.    Aventis denies the allegations in paragraph 34 of the Complaint.

35.    Aventis denies the allegations in paragraph 35 of the Complaint.

36.    Aventis admits the allegations in paragraph 36 of the Complaint.

37.    Aventis denies the allegations in paragraph 37 of the Complaint.

38.    Aventis denies the allegations in paragraph 38 of the Complaint.

## Count I – Violation of M.G.L. c. 151B
### (Race/Age Discrimination and/or Retaliation)

39.    Aventis incorporates and realleges the responses in paragraphs 1-38 above of the Complaint and incorporates them herein by reference.

40.    The allegations in paragraph 40 of the Complaint constitute conclusions of law to which no response is required.

41.    The allegations in paragraph 41 of the Complaint constitute conclusions of law to which no response is required.

42.     Aventis denies the allegations in paragraph 42 of the Complaint.

43.     Aventis denies the allegations in paragraph 43 of the Complaint.

44.     Aventis denies the allegations in paragraph 44 of the Complaint.

45.     Aventis denies the allegations in paragraph 45 of the Complaint.

46.     Aventis denies the allegations in paragraph 46 of the Complaint.

47.     Aventis denies the allegations in paragraph 47 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 47 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 47 of the Complaint.

## Count II – VIOLATION OF 42 USC § 2000e et seq.
### (Race/Age Discrimination and/or Retaliation)

48.     Aventis incorporates and realleges the responses in paragraphs 1-47 above of the Complaint and incorporates them herein by reference.

49.     The allegations in paragraph 49 of the Complaint constitute conclusions of law to which no response is required.

50.     The allegations in paragraph 50 of the Complaint constitute conclusions of law to which no response is required.

51.     Aventis denies the allegations in paragraph 51 of the Complaint

52.     Aventis denies the allegations in paragraph 52 of the Complaint.

53.     Aventis denies the allegations in paragraph 53 of the Complaint.

54.     Aventis denies the allegations in paragraph 54 of the Complaint.

55.     Aventis denies the allegations in paragraph 55 of the Complaint.

56.    Aventis denies the allegations in paragraph 56 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 56 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 56 of the Complaint.

## Count III
### (Wrongful Termination)

57.    Aventis incorporates and realleges the responses in paragraphs 1-56 above of the Complaint and incorporates them herein by reference.

58.    Aventis denies the allegations in paragraph 58 of the Complaint.

59.    Aventis denies the allegations in paragraph 59 of the Complaint.

60.    Aventis denies the allegations in paragraph 60 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 60 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 60 of the Complaint.

## Count IV
### (Breach of Contract)

61.    Aventis incorporates and realleges the responses in paragraphs 1-60 above of the Complaint and incorporates them herein by reference.

62.    Aventis denies the allegations in paragraph 62 of the Complaint.

63.    Aventis denies the allegations in paragraph 63 of the Complaint.

64.    Aventis denies the allegations in paragraph 64 of the Complaint.

65.    Aventis denies the allegations in paragraph 65 of the Complaint.

66.    Aventis denies the allegations in paragraph 66 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 66 of the Complaint state conclusions to which no response is required. To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 66 of the Complaint.

## Count V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

67.    Aventis incorporates and realleges the responses in paragraphs 1-66 above of the Complaint and incorporates them herein by reference.

68.    Aventis denies the allegations in paragraph 68 of the Complaint.

69.    Aventis denies the allegations in paragraph 69 of the Complaint.

70.    Aventis denies the allegations in paragraph 70 of the Complaint.

71.    Aventis denies the allegations in paragraph 71of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 71 of the Complaint state conclusions to which no response is required. To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 71 of the Complaint.

## COUNT VI
### (Tortious Interference With Advantageous and/or Contractual Relations)

72.    Aventis incorporates and realleges the responses in paragraphs 1-71 above of the Complaint and incorporates them herein by reference.

73.    The allegations in Paragraph 73 of the Complaint are directed to a defendant other than Aventis. Accordingly, no response by Aventis is required. To the extent a response by Aventis is required, Aventis denies the allegations in paragraph 73 of the Complaint.

74.     The allegations in Paragraph 74 of the Complaint are directed to a defendant other than Aventis.  Accordingly, no response by Aventis is required.  To the extent a response by Aventis is required, Aventis denies the allegations in paragraph 74 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 74 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 74 of the Complaint.

## COUNT VII
### (Intentional Interference With Advantageous and/or Contractual Relations)

75.     Aventis incorporates and realleges the responses in paragraphs 1-74 above of the Complaint and incorporates them herein by reference.

76.     The allegations in paragraph 76 of the Complaint are directed to a defendant other than Aventis.  Accordingly, no response by Aventis is required.  To the extent a response by Aventis is required, Aventis denies the allegations in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 of the Complaint are directed to a defendant other than Aventis.  Accordingly, no response by Aventis is required.  To the extent a response by Aventis is required, Aventis denies the allegations in paragraph 77 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 77 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 77 of the Complaint.

## COUNT VIII
### (Violation of Massachusetts Civil Rights)

78.     Aventis incorporates and realleges the responses in paragraphs 1-77 above of the Complaint and incorporates them herein by reference.

79.     Aventis denies the allegations in paragraph 79 of the Complaint.

80.     Aventis denies the allegations in paragraph 80 of the Complaint.

81.     Aventis denies the allegations in paragraph 81 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 81 of the Complaint state conclusions to which no response is required.  To the extent a

response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 81 of the Complaint.

## COUNT VII (MISNUMBERED IN COMPLAINT)
### (Violation of Federal Civil Rights)

82.     Aventis incorporates and realleges the responses in paragraphs 1-81 above of the Complaint and incorporates them herein by reference.

83.     Aventis denies the allegations in paragraph 83 of the Complaint.

84.     Aventis denies the allegations in paragraph 84 of the Complaint.

85.     Aventis denies the allegations in paragraph 85 of the Complaint.

The statements set forth in the WHEREFORE paragraph immediately following paragraph 85 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Aventis denies the allegations in the WHEREFORE paragraph immediately following paragraph 85 of the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any claim for breach of contract fails because of a failure of a consideration.

### Third Affirmative Defense

To the extent Plaintiff alleges a contract with Aventis, his claims for breach of contract by Aventis are barred to due to Plaintiff's breach of contract.

### Fourth Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

- 10 -

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

### Seventh Affirmative Defense

Every action Aventis took with respect to Plaintiff's employment was taken for a legitimate business reason.

### Eighth Affirmative Defense

Every action Edmunds took with respect to Plaintiff's employment was within the scope of Edmunds' employment.

### Ninth Affirmative Defense

Plaintiff is not entitled to a trial by jury on all claims asserted.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole, or in part, because of his failure to exhaust internal remedies.

### Eleventh Affirmative Defense

Plaintiff's claim is barred, in part, because M.G.L. chapter 151B provides the exclusive state remedy for the claims made.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by his failure to file a timely charge of discrimination.

WHEREFORE, Aventis respectfully requests that:

1.      The Court dismiss the Complaint in its entirety;

2.      The Court enter judgment for Aventis; and

3.      The Court enter such other relief as may be just and proper.

Respectfully submitted,

AVENTIS PHARMACEUTICALS, INC.
By its attorneys,


/s/ Joan Ackerstein_____
Joan Ackerstein (BBO# 549872)
Samia M. Kirmani (BBO#634699)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
Dated: November 1, 2004                    (617) 367-0025; FAX: (617) 367-2155

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of November, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John Koslowsky, Esq., 424 Adams Street, Milton, Massachusetts 02186, by first-class mail, postage prepaid.

__ /s/ Joan Ackerstein_____

Jackson Lewis LLP
