UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. BYRD,<br>　　　　Plaintiff,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS, INC.<br>and DEBRA EDMUNDS,<br>　　　　Defendants. | Civil Action No. 04-11032-DPW |

### DECLARATION OF DEBORAH EDMUNDS

I, Deborah Edmunds, upon oath, deposes and says as follows:

1.　　I am an Area Manager with Aventis, a position I have held since May, 1999. I am a resident of Wayland, Massachusetts.

2.　　Plaintiff, William M. Byrd, reported to me as a pharmaceutical sales representative from May 1999 until the termination of his employment in February 2002. As an Area Manager, I am familiar with the job description for the pharmaceutical sales representative position, which states, in part, that a four year college degree is a requirement for the position. A true and accurate photocopy of the job description for pharmaceutical sales representatives is attached hereto as Exhibit A.

3.　　As an Area Manager, I am familiar with the contents of the personnel files of the sales representatives that report and reported to me. Contained in Plaintiff's personnel file is a Field Sales Representative New Hire Information Form, completed at the time of his hire, which indicates that Plaintiff had a Bachelor of Science in Business Administration. A true and accurate photocopy of Plaintiff's "Field Sales New Hire Information Form" is attached hereto as Exhibit B.

4. As an Area Manager, I am also familiar with the various policies and procedures Aventis issued and issues for employees and sales representatives to follow. One such policy was the Aventis Sample/Personal Use Policy, which provided that sales representatives and area managers were held accountable for following sample policy requirements. A true and accurate photocopy of that policy is attached hereto as Exhibit C.

5. Aventis also had a Promotional Guidelines Policy, which set forth spending guidelines that sales representatives were to follow when spending money in connection with their sales efforts. Sales representatives submitted expense reports to obtain reimbursement for expenses. True and accurate photocopies of relevant sections of that policy are attached as Exhibit D.

6. Aventis had a Use of Company Vehicle Policy and an Employee Motor Vehicle Safety policy, which set forth Aventis' rules for employees using company cars. These rules cover, for example, the use of company cars for personal and business use, parking tickets, safety guidelines, gasoline purchase, appropriate business and personal use, and mileage reporting. True and accurate copies of relevant sections of those policies are attached hereto as Exhibit E.

7. Aventis also had a Business Conduct Policy, which included a Records Management and Internal Controls policy that emphasized the importance of accurately recording data and information and strictly prohibited falsification of company records. True and accurate copies of relevant portions of that policy are attached as Exhibit F.

8. Plaintiff's personnel file includes performance reviews prepared by his prior manager, Sean Flanders, including a job performance review dated March 6, 1998 for the period January-December 1997, a mid-year performance plan assessment dated July 6, 1998 for the period January-June 1998, and a performance review dated April 5, 1999 for the period covering

January-December 1998. True and accurate copies of those evaluations are attached as Exhibit G.

9. On or about December 4, 2001, I met with Plaintiff for approximately two hours to address again concerns about Plaintiff's willingness or ability to comply with Aventis procedures and to fulfill his responsibilities as a sales representative. We discussed a recent program where Plaintiff exceeded expense guidelines and failed to notify Ms. Edmunds in advance. We also discussed call notes, which were not done appropriately and weeks for which he had not submitted call notes. I also reviewed with him sample signature reports that reflected that his calls were still occurring between the hours of 10:00 a.m. and 2:00 p.m. I sent an e-mail to Plaintiff, copying Christine List and Mailett Minassian, reiterating the topics we discussed during our meeting. A true and accurate copy of that e-mail is attached hereto as Exhibit H.

10. In 2003, I disciplined a Caucasian sales representative, with the initials M. M, who is under the age of 30 that reported directly to me, for various performance problems. In evaluating this employee, among other things, I reviewed her call and fuel reports to determine whether she was within her territory between 8:00 am and 5:00 pm as required. I issued this employee a written warning. I counseled her about her lack of impact when delivering product messages; her lack of rapport with physicians; and her low call per day average. A true and accurate copy of the written warning that I issued to this employee (redacted to omit her name) is attached hereto as Exhibit I. This employee resigned her employment shortly after receiving the written warning.

11. In addition to giving written warnings to employees who are under the age of 40, I supervise a number of long term employees, over the age of 40, who are performing well and have not received warnings. A male sales representative, E.S., has been employed since 1976

and was 51 when Plaintiff was terminated. E.S. is performing well, has not received warnings and is still employed. Additionally, a male sales representative, R.M., who has been employed since 1970 has reported to me since 2003. He is 67, is performing well and has not had warnings and is still employed.

Signed under the pains and penalties of perjury this 18th day of March, 2005.

_Deborah Edmunds_
Deborah Edmunds

4