UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. BYRD,<br>      Plaintiff,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS, INC.<br>and DEBRA EDMUNDS,<br>      Defendants. | Civil Action No. 04-11032-DPW |

## DECLARATION OF JOAN ACKERSTEIN

I, Joan Ackerstein, upon oath, deposes and says as follows:

1. I am a partner of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I have been involved in the defense of this action since its inception.

2. Plaintiff was deposed on October 18, 2004. True and accurate photocopies of excerpts of his deposition transcript are attached hereto as Exhibit A.

3. Deborah Edmunds, Plaintiff's supervisor and an Area Manager, was deposed on October 26, 2004 and November 19, 2004. True and accurate photocopies of excerpts of her deposition transcripts from both days are attached hereto as Exhibit B.

4. Christine List, Ms. Edmunds' supervisor and a Regional Manager, was deposed on November 4, 2004. True and accurate photocopies of excerpts of her deposition transcript are attached hereto as Exhibit C.

5. Mailet Minassian, who in 2000 through December 2001 was Human Resource Manager at Aventis and then was Senior Human Resource Manager from that date to April, 2004, was deposed on September 30, 2004. True and accurate photocopies of excerpts of her deposition transcript are attached hereto as Exhibit D.

6. A true and accurate copy of Plaintiff's Complaint in this action, marked as Exhibit 18 to Plaintiff's deposition, is attached hereto as Exhibit E.

7. Aventis issued Core Competencies for its sales representatives, which outlined the duties for a sales representative. A true and accurate copy of the Core Competencies, marked as Exhibit 12 to Plaintiff's deposition, is attached hereto as Exhibit F.

8. Aventis had an associate coaching and counseling policy, which set forth Aventis' progressive discipline policy. A true and accurate copy of the Associate Coaching and Counseling policy, marked as Exhibit 28 to Plaintiff's deposition, is attached hereto as Exhibit G.

9. Plaintiff received a performance evaluation in August, 1999. A true and accurate copy of that evaluation, marked as Exhibit 4 to Plaintiff's deposition, is attached hereto as Exhibit H.

10. Plaintiff received a performance evaluation dated May 4, 2000. A true and accurate copy of that evaluation, marked as Exhibit 5 to Plaintiff's deposition, is attached hereto as Exhibit I.

11. Plaintiff received a mid-year performance evaluation on September 18, 2000. A true and accurate copy of that evaluation, marked as Exhibit 6 to Plaintiff's deposition, is attached hereto as Exhibit J.

12. Plaintiff received a performance 45-day Performance Plan on September 18, 2000. A true and accurate copy of that plan, marked as Exhibit 7 to Plaintiff's deposition, is attached hereto as Exhibit K.

13. On October 27, 2000, Ms. List spent a day in the field with Plaintiff and prepared a memorandum describing the events of that day. A true and accurate copy of that memorandum, marked as Exhibit 14 to Ms. List's deposition, is attached hereto as Exhibit L.

14. Plaintiff received a written warning on November 14, 2000. A true and accurate copy of that warning, marked as Exhibit 8 to Plaintiff's deposition, is attached hereto as Exhibit M.

15. Plaintiff received a performance evaluation dated September 5, 2001. A true and accurate copy of that performance evaluation, marked as Exhibit 9 to Plaintiff's deposition, is attached hereto as Exhibit N.

16. Plaintiff received a final written warning on September 5, 2001. A true and accurate copy of that warning, marked as Exhibit 10 to Plaintiff's deposition, is attached hereto as Exhibit O.

17. On January 18, 2002, Ms. List and Ms. Edmunds met with Plaintiff to discuss some additional infractions. A true and accurate copy of a summary of that meeting, marked as Exhibit 21 to Ms. Edmunds' deposition, is attached hereto as Exhibit P.

18. Plaintiff submitted an expense report that incorrectly identified a golf outing as a hospital display roundtable event. A true and accurate copy of that expense report, marked as Exhibit 22 to Plaintiff's deposition, is attached hereto as Exhibit Q.

19. Plaintiff filed a charge of age and race discrimination with the Massachusetts Commission Against Discrimination on August 2, 2002. A true and accurate copy of this charge, marked as Exhibit 17 to Plaintiff's deposition, is attached hereto as Exhibit R.

Signed under the pains and penalties of perjury this 18th day of March, 2005.

_Joan Ackerstein_
/Joan Ackerstein