# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| WILLIAM M. BYRD,<br><br>    Plaintiff,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS, INC.<br>and DEBRA EDMUNDS,<br><br>    Defendants. | Civil Action No. 04-11032-DPW |

## RESPONSE OF PLAINTIFF TO
## DEFENDANTS' INTERROGATORIES

Plaintiff William M. Byrd ("Plaintiff"), pursuant to Fed. R. Civ. P. 33, hereby responds to the defendants', Aventis Pharmaceuticals, Inc. and Debra Edmunds ("Defendants"), Interrogatories ("Defendants' Interrogatories").

### GENERAL OBJECTIONS

1. Plaintiff objects to Defendants' Interrogatories on the grounds that they seek to impose obligations inconsistent with and place a burden upon Plaintiff greater than required by the Federal Rules of Civil Procedure. Plaintiff will respond to and comply with Defendants' Interrogatories in a fashion consistent with the requirements of the Federal Rules of Civil Procedure.

2. Plaintiff will answer the individual interrogatories in accordance with the ordinary and accepted usage of the English language and in accordance with the Federal Rules of Civil Procedure, except as objection is hereinafter noted.

3. Plaintiff objects to Defendants' Interrogatories on the grounds that they: impose an undue burden and expense upon Plaintiff disproportionate to the value of the

1

William M. Byrd, 38 Meadowview Road, Milton, MA 02186; 10/29/48 in Troy, New York; married; Gladys P. Byrd; Mercedes Byrd 4/19/83; and William M. Byrd, Jr. 10/20/85.

INTERROGATORY NO. 2

Identify each educational institution Plaintiff attended, and state the dates of attendance, whether Plaintiff received a degree or certificate therefrom, and the nature and the date of the degree or certificate, if applicable.

RESPONSE NO. 2

I attended and graduated K-8 at Waterville, New York Elementary School; I attended and graduated 9-12 at LaSalle Institute from 1963 - 1967; and I attended and graduated with a Bachelors Degree from New Mexico State University, 1967 - 1971.

INTERROGATORY NO. 3

Please list all residences, if any other than the one listed in response to Interrogatory No. 1, which Plaintiff has had during the past ten (10) years, giving the complete address and dates of residence at each such address.

RESPONSE NO. 3

None.

INTERROGATORY NO. 4

Identify each employer by whom Plaintiff has been employed, other than Aventis, in the ten years prior to his employment with Aventis and since his employment with Aventis to date, including each employer's last known address and telephone number, and identify each period of self-employment, consulting, or other business relationship. For each employer, period of self-employment, consulting, or other business relationship, state:

(a) the date(s) of employment, self-employment, consulting, or other business relationship, Plaintiff's job titles and the duties performed by Plaintiff;

(b) Plaintiff's rate of pay (including identification of any raise in pay), any employee benefits received, and any other compensation or remuneration received;

3

    (c)    the reason for the termination, including, but not limited to, a statement of whether the severance of such employment or relationship was voluntary or involuntary; and

    (d)    the name(s) of each supervisor or manager Plaintiff had.

RESPONSE NO. 4

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive and calls for information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, and subject thereto, Plaintiff states as follows:

From 4/1983 - 11/1993 I was employed by Ross Laboratories, Columbus, Ohio, I left my employment voluntarily, my supervisor was John Boise, and my position was Territory Manager.

From 12/1993 - 11/1996 I was employed by Dictaphone Corporation, Burlington, Massachusetts, my employment ended when the company went out of business, my supervisor was Barry Jones, and my position was Sales Representative as a hospital specialist.

From 12/96 through 4/97 I was employed by Universal Hospital Services, my employment ended when the company went out of business, and my supervisor was Darin Thieding, and my position was district manager.

From 10/02 to the present, I have been working part-time as a driver for First American Limousine, 50 Margin Street, Hyde Park, Massachusetts, my supervisor is Jacob Salem, and I earn 30 % of what the company charges any customer for my services.

RESPONSE NO. 12

On or around February, 2004, I saw Dr. Jerry Dubnoss of Harvard Pilgrim, Kenmore Square, regarding a rash I had developed. Dr. Dubnoss informed me that the rash was caused by stress.

INTERROGATORY NO. 13

Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider or facility that Plaintiff has visited, consulted or received treatment from in the past ten (10) years. For each physician or other health care provider identified, state his or her address, occupation, area of specialization, if any; any medical institutions with which the person is presently associated or affiliated; any medical institutions with which the person was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

RESPONSE NO. 13

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for information which is confidential, privileged and/or irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF AUGUST, 2004.

_____
William M. Byrd

As to Objections:

_____
John C. Koslowsky
BBO No. 561616
Flavin & Koslowsky
424 Adams Street
Milton, MA 02186
(617) 698-3000

Dated: August 26, 2004

8

# EXHIBIT M

FLAVIN & KOSLOWSKY
424 ADAMS STREET
MILTON, MASSACHUSETTS 02186

TELEPHONE (617) 698-3000
TELECOPIER (617) 698-3001

PAUL K. FLAVIN
JOHN C. KOSLOWSKY

BARBARA A. BELL

March 25, 2005

E-MAIL:
pflavin@fandklaw.com
jkoslowsky@fandklaw.com
bhaas@fandklaw.com

Samia Kirmani, Esquire
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116

RE: William M. Byrd v. Aventis Pharmaceuticals, Inc. et al.;
U.S. District Court, C.A. No. 04-11032-DPW

Dear Samia:

In connection with the above-referenced matter, enclosed please find supplementary discovery responses. Copies of notes from old notebooks.

If you have any questions, please contact me. Thank you.

Very truly yours,

John C. Koslowsky

JCK/kmd
Enclosures
cc: William M. Byrd
2002-17C

# EXHIBIT N

**Aventis**

# Memo



EXHIBIT

To: Bill Byrd
From: Deb Edmunds
CC: Mallet Minassian; Chris List
Date: 11/14/00
Re: Warning Letter

### Written Warning regarding Expectations as a Sales Associate

As a follow-up to our meeting with Chris List on September 25, 2000, I want to review the points we discussed regarding expectations as a field sales associate with Aventis. This letter is a Written Warning, summarizing the expectations I shared with you.

Bill, we have had conversations regarding expectations. The following are concerns that I have communicated:

- Lack of communication to your manager concerning activities in your territory
- Lack of monthly team meetings and notes from your monthly Quad meetings
- Lack of entering call notes for every detail immediately following the call
- Lack of and inaccurate recording of personal miles
- Violation of the anti-kickback policy in regards to your journal club
- Safety violations with the gas tank overflow incident as well as samples stored in the back seat blocking most of your rear view window
- Not working in your territory from 8:00 am. to 5:00 p.m. Monday through Friday (not including commute time)
- Daily transmission of call activity to home office
- Weekly email to your manager with the previous week's call activity
- Satisfactory knowledge of Aventis' promoted products and their competitors, as well as appropriate verbiage during sales presentations

This memo requires you to fulfill all of the above expectations and failure to do so will result in further disciplinary action, up to and including termination. Attached for your immediate review are the following policies from Aventis: Promotional Guidelines Policy 002; General Territory Operations Policy

1                                                                                           DEF00574

005; Physician Activities Policy 007; Sales Representative Position Core Competencies and the Market Meeting Guidelines for a Sales Representative.

The following are the administrative expectations for all Aventis associates including those associates reporting to me:

- Check voice mail 3 times daily. Once in the morning prior to the business day-8:00 am; once in the middle of the day-11:30 am to 2:30 pm; and at the close of the business day-5:00 pm or after.

- Submit Pay Mail expenses at the end of each week. This should be done by noon on Saturday.

- Check and read e-mail 3 times per week.

- Update time out of territory each week. This should be updated and transmitted with weekly call data. Prior approval for time out of territory except, in the case of an emergency, is required.

- Transmit call data each day.

- Be in your territory from 8:00 a.m. to 5:00 p.m. Monday through Friday. Notify area manager in advance of any and all out of territory time, unless it is a medical emergency, in which case area manger should be notified within a half hour of the time you should have otherwise began work. Out of territory time will be recorded in the proper place in your computer. Also, you should request in advance and in writing, through e-mail, any out of territory time for personal time. This is contingent upon manager approval.

- Send the weekly activity report post marked or faxed by noon Sunday.

- Inventory must be reconciled at the end of each quarter utilizing the TIM/CIS system.

- Data must be kept current. Update the CIS and DSS information when available. This should be done the day of notification if possible. The day after notification is the deadline.

- Receive 90% or above on product knowledge exams. Give accurate information to physicians and staff.

I will work with you to achieve these goals in your territory, but you must take responsibility for your performance. If you have difficulty understanding the list of expectations, please call me for a more detailed explanation. Please review the expectations outlined in this letter. If you need more clarity on these expectations you need to call me. Failure to dramatically improve and sustain your administrative responsibilities or to otherwise maintain a satisfactory level of performance may lead to further discipline up to and including termination.

I have read the above and understand what is expected of me.

_____         _____

Associate Name                                                                    Date

# EXHIBIT O

**Aventis**

# Memo



EXHIBIT
#10
10-18-04
BYRD

To: Bill Byrd
From: Deb Edmunds
CC: Mailet Minassian; Gary Kiesel
Date: 9/5/01
Re: Final Warning Letter

---

### Final Written Warning

On November 14, 2000, I gave you a Written Warning, in which I outlined aspects of your performance that were below expectations, and described performance expectations that you were required to meet. Since then, you have made progress toward meeting <u>some</u> of the expectations, but several of the expectations remain unmet. In addition, I learned that you recently exceeded Aventis' entertainment expense guidelines, as well as recording the expense inaccurately. Accordingly, in order to focus your effort on meeting all performance expectations, and on the need to comply with all Aventis policies, including the entertainment guidelines, I am giving you this Final Written Warning.

Of the aspects of your performance that I told you in your Written Warning were below expectations, your performance on the following five matters is still below expectations:

- Lack of monthly team meetings and notes from your monthly Quad meetings.

- Daily transmission of call activity to home office and absent weekly call summary reports.

- Inaccurate recording of personal miles.

- Lack of entering call notes for every detail immediately following the call.

- Policy Violations: Violation of policy 500 regarding home made materials

- Lack of communication to your manager concerning activities in your territory.

In addition to the items noted above, your performance in the following areas are also below expectation:

- Sample variance of over $3500 was not communicated to me, except from home office

- No communication from you regarding a parking ticket and registering for a meeting.

- Poor return on investment by spending $45 on 8 rubber stamps, when the RD told the District he would send the Lantus stamp through copy approval and the stamp now costs $5.

1

DEF00586

- Exceeded expense guidelines by spending $1,000 on a fishing trip for five physicians. Some of the physicians who were invited did not show, however, the expense was recorded incorrectly under General Selling "other" instead of a specific Group Selling event with an explanation of actual attendees vs invitees.

The following are the administrative expectations for all Aventis associates including those associates reporting to me:

- Continue to check voice mail 3 times daily. Once in the morning prior to the business day-8:00 am; once in the middle of the day-11:30 am to 2:30 pm; and at the close of the business day- 5:00 pm or after.

- Submit Pay Mail expenses at the end of each week. This should be done by noon on Saturday.

- Check and read e-mail daily.

- Update time out of territory each week. This should be updated and transmitted with weekly call data. Prior approval for time out of territory except, in the case of an emergency, is required.

- Transmit call data each day.

- Send the weekly call summary report via email by Sunday.

- Inventory must be reconciled at the end of each month utilizing the TIM/CIS system.

- Data must be kept current. Update the CIS and DSS information when available. This should be done the day of notification if possible. The day after notification is the deadline.

I will work with you to achieve these goals in your territory, but you must take responsibility for your performance. If you have difficulty understanding the list of expectations or need more clarity on these expectations you need to call me. Failure to dramatically improve and sustain your administrative responsibilities or to otherwise maintain a satisfactory level of overall performance may lead to further disciplinary action, up to and including termination of employment. Since you are on final written warning, you will not be eligible for third and fourth quarter bonus.

I have read the above and understand what is expected of me.

_____    9/5/01
Associate Name                      Date

DEF00587

- Page 2